**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KENNETH GARCIA,

       Movant,

vs.                                    No. CV 16-00753 JCH/SMV
                                             No. CR 13-02037 JCH

UNITED STATES IF AMERICA,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court under rule 4 of the Rules Governing Section 2255 Proceedings on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed June 29, 2016 by Movant Kenneth Garcia (CV Doc. 1; CR Doc. 68) (the "Motion").   Movant Garcia seeks relief based on the U.S. Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015).  The Court determines that Garcia is clearly ineligible for relief under *Johnson* and will dismiss the Motion.

Garcia was charged with possession with intent to distribute methamphetamine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c).  (CR Doc. 2, 13, 46).  Garcia pled guilty under the terms of a Plea Agreement.  (CR Doc. 49).  Garcia was sentenced to 60 months of imprisonment followed by three years of supervised release.  (CR Doc. 60).

In his Motion, Garcia contends that, based on *Johnson,* he should not have received an enhanced sentence under 18 U.S.C. § 924(c).  Garcia argues that his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

no longer constitutes a crime of violence under the residual clause of § 924(c).  (CV Doc. 1 at 8-12; CR Doc. 68 at 8-12).

Garcia seeks collateral review of his sentence under 28 U.S.C. § 2255.  Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground That the sentence was imposed in violation of the Constitution or Laws of the United States, or that the court was without jurisdiction To impose such sentence, or that the sentence was in excess of the Maximum authorized by law, or is otherwise subject to collateral Attack, may move the court which imposed the sentence to vacate, Set aside or correct the sentence."

28 U.S.C. § 2255(a).  Because he seeks § 2255 relief more than one year after his sentencing, Garcia seeks collateral review in reliance on a right newly recognized by the Supreme Court in *Johnson* and made retroactively applicable to cases on collateral review.  See 28 U.S.C. § 2255(f)(3).

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563.  Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony."  18 U.S.C. § 924 (e)(2)(B).  The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added).   The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague.   135 S.Ct. at 2555-2563.   The language of § 924(e)(2)(B)(i), which defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "element" or "force" clause.   The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies.   The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question application of the Act to the four enumerated offenses or the remainder of the definition of a violent felony in § 924(e)(2)(B).   135 S.Ct. at 2563.   Therefore, the *Johnson* decision has no application to sentences enhanced under the force or element clause of § 924(e)(2)(B)(i) or the enumerated clause of § 924(e)(2)(B)(ii).

Garcia's sentence was not enhanced under § 924(e)(2)(B) of the ACCA.   Instead, Garcia argues that the *Johnson* ruling should be applied to the residual clause of 18 U.S.C. § 924(c). The question of whether *Johnson* applies to invalidate the residual clause language of § 924(c)(3)(B) is an unsettled question.   In *Johnson,* the Supreme Court indicated that its ruling did not place the language of statutory provisions like the § 924(c)(3)(B) residual clause in constitutional doubt.   135 S.Ct. at 2561.The lower courts have divided on the question of application of the *Johnson* ruling to § 924(c) and similarly-worded provisions.   *See   United States v. Taylor,* 814 F.3d 340, 375-79 (4th Cir. 2016)( declining to find § 924(c) void for vagueness); *United States v. Vivas-Ceja,* 808 F.3d 719, 723 (7th Cir. 2015) (finding language similar to § 924(c) void for vagueness); *Dimaya v. Lynch,* 803 F.3d 1110, 1120 (9th Cir. 2015) (holding similar language in the Immigration and Nationality Act void); *In re Smith*, ___ F.3d ___, 2016 WL 3895243 at *2-*3 (11th Cir. 2016) (noting the issue but not deciding it in the

context of an application for permission to file a second or successive § 2255 motion).  The question of whether the *Johnson* holding applies to the residual clause of § 924(c)(3)(B) is presently pending before the Tenth Circuit in *United States v Hopper*, 10ᵗʰ Cir. No. 15-2190.

The issue of whether the reasoning of *Johnson* should extend to the residual clause of § 924(c)(3)(B) remains unsettled.  However, the Court need not determine in this case whether *Johnson* should apply to invalidate the residual clause of § 924(c)(3)(B).  Even if *Johnson* was extended to § 924(c), the residual clause definition of "crime of violence" is not applicable to Garcia's drug conviction. Garcia's underlying conviction, upon which his § 924(c) conviction was based, is not a "crime of violence" as set forth in § 924(c)(3)(B). [1]  Instead, Garcia was convicted of possession with intent to distribute methamphetamine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). This conviction qualifies as a "drug trafficking crime" as listed in § 924(c)(2), and the § 924(c)(3)(B) "crime of violence" analysis has no bearing on Garcia's sentence.

If *Johnson* impacts § 924(c) at all it would only serve to invalidate the residual clause in the crime of violence portion § 924(c)(3)(B). The drug trafficking portion of § 924(c)(2) does not have a residual clause, and states with particularity which charges serve as underlying crimes for a § 924(c) conviction. The predicate crimes for purposes of § 924(c)(2) include Garcia's offense under 21 U.S.C. §§ 841 and 846.  Therefore, the Supreme Court's holding in *Johnson* has no effect on conviction under § 924(c) based on a drug trafficking crime. Because Garcia's § 924(c) conviction rests on a drug trafficking crime, he is not entitled to relief under *Johnson*.

---

[1] There are also questions as to timeliness under the prisoner mailbox rule and whether Garcia waived the *Johnson* issue on collateral review under his Plea Agreement.  However, because the Court concludes that Garcia would not be eligible for resentencing, the Court does not reach the issues.

Under 28 U.S.C. § 2253(c)(1) and (3), the Court determines that Garcia has not made a substantial showing of denial of a constitutional right.  The Court will, therefore, deny a certificate of appealability.  *See* rule 11(a) of the Rules Governing Section 2255 Proceedings.

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed June 29, 2016 by Movant Kenneth Garcia (CV Doc. 1; CR Doc. 68) is **DISMISSED** under rule 4(b) of the Rules Governing Section 2255 Proceedings, and a Certificate of Appealability is **DENIED** under rule 11(a).

_____
UNITED STATES DISTRICT JUDGE